**CITIZENS BUDGET CO v
FURNACE DISCOUNT CO**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

Raymond L. Falls, Youngstown, for plaintiff.

Raymond J. Parilla, Youngstown, for defendant.

POLLOCK, J.

A great many authorities have been cited by attorneys in this case. We think the question is determined by the statute itself, after you brush aside what the parties

claim was orally done in the court which this court cannot consider, and what Clara Trim and the attorney and the City of Youngstown said to the Citizens Budget Company about Mrs. Trim owning this judgment which did not and could not affect any right of the Furnace Discount Company. The question remains: which of the parties are entitled to the money involved in this case?

Sec 11772 GC:

"After the return of an execution against the property of a judgment debtor, or of one of several debtors in the same judgment, and upon proof in writing, by affidavit or otherwise, to the satisfaction of the judge, that a person or corporation has property of such judgment debtor, or is indebted to him, the judge, by an order, may require such person or corporation, or any officer or member of the corporation, to appear at a specified time and place, in the county wherein such person or corporation is served with the order and answer concerning it."

Something is said that because this is before a judge and not before a court that these parties appear, that therefore this verbal remark of the court, "It is dismissed," dismissed the case. Whether there was any virtue or lack of virtue in being before a judge or not, what the judge does in chambers speaks from the journal that he enters, and this remark cannot be considered in this court. Anything below that should have been done, any entry that should have been made would have to appear in the journal of the court below or by bill of exceptions.

It is further urged that because they were cited to appear before a judge and not before a court, that it could not be continued, that it must be disposed of on that day. §11776 GC settles that question:

"Such judge or referee, may continue his proceedings from time to time, until they are completed."

Further on the section provides that the judge may send it to a referee to take testimony. In this case he continued the case from time to time and then made the order which is provided for in §11781 GC, so that we think the proceedings in aid of execution were pending before the judge from the time the citations were issued up until the final order was made. The latter part of §11772 GC provides from what time the creditor shall have a lien on such funds:

"From the time of its service, property, money or credits in the hands, or under the control of the person or corporation so served, belonging to the judgment debtor, shall be bound, and he or it, as the case may be, thereby made liable to the judgment creditor therefor."

So that the Furnace Discount Company bound this money from the time the service of citation was made on The City of Youngstown, and that was long before this transfer of the Citizens Budget Company, and the Citizens Budget Company, if it had looked at the record below it would have found the condition this judgment was in before it purchased. It was then pending in the court and bound for this judgment if it turned out to be a proper debt of this woman's. The Citizens Budget Company purchased the judgment without making any search of the records, and must now stand their troubles, and the judgment of the court below is affirmed.

ROBERTS and FARR, JJ, concur.