THE STATE OF OHIO, APPELLANT, *v.* STEPHENS, APPELLEE.

(No. 35247—Decided June 2, 1977.)

*Mr. John T. Corrigan* and *Mr. George J. Sadd,* for appellant.

*Steuer, Escovar & Berk Co., L. P. A.,* for appellee.

JACKSON, J. Defendant Lyra Stephens, the appellee, was arrested and incarcerated on September 6, 1974. On October 1, 1974, the defendant was indicted for carrying a concealed weapon and for possession of a weapon while under a disability. A continuance was granted to the defendant on November 12, 1974. The case came on for hearing on December 9, 1974. At that hearing the prosecution requested a continuance; the request was denied by the trial court and the case dismissed for want of prosecution.

The defendant was reindicted on February 6, 1975; a capias was issued on February 19, 1975, and returned on June 16, 1975. On July 14, 1975, the defendant filed a motion to dismiss for lack of a speedy trial. This motion was assigned to a judge of the Court of Common Pleas, who, on July 22, 1975, granted the motion to dismiss. The judgment entry of dismissal, however, does not disclose the grounds upon which the dismissal was based.

The state, the appellant herein, filed a timely notice of appeal and assigns three errors, to-wit:

"Assignment of Error No. 1: It was a flagrant abuse of discretion and a clear disregard of the law for the trial court to grant the defendant's motion to dismiss for the lack of a speedy trial when only thirty-nine days had elapsed between the time defendant was arrested and the time the motion to dismiss was granted.

"Assignment Of Error No. 2: The trial court erred in failing to state findings of fact and reasons for its dismissal, although so required to under Criminal Rule 48(B).

"Assignment of Error No. 3: The trial court abused its discretion by dismissing a case against a convicted drug dealer when it did not have a complete record of the prior proceedings."

On November 4, 1976, this court reversed and remanded the decision of the trial court. Subsequently, on February 8, 1977, however, this court *sua sponte* amended its entry of November 4, 1976, to provide that "upon receipt of the findings of fact and conclusions of law by the trial court, in accordance with the mandate of this entry, this

court will proceed to a determination on the merits." *See* Crim. R. 48(B); *State* v. *Bound* (1975), 43 Ohio App. 2d 44.

In compliance with the mandate of this court, the trial court has filed its findings of fact and conclusions of law, and the appeal is now before this court for a disposition on the merits.

The third error assigned by appellant will be considered first. In this assignment it is the contention of appellant that the trial court committed prejudicial error in dismissing the indictment against the appellee because the trial court did not have a complete record of the prior proceedings. The appellant does not contend that the state was prejudiced by the trial court apparently not having a complete record of the prior proceedings, and neither does appellant challenge—in his original brief or his supplemental brief filed after the trial court's submission of findings of fact and conclusions of law—any specific findings on which the court relied.

The docket sheet containing the journal entries of the proceedings under the October 1, 1974, indictment is not included in the record on appeal. Except for the journal entry of dismissal dated December 9, 1974, being read into the record, the transcript does not reveal any reference to journal entries under the October 1, 1974, indictment.[1] The findings of the trial court do not appear to have been based on the journal entries of the prior indictment, but rather on the comments made by the prosecutor and the defense counsel, and the testimony of former counsel. Neither is

[1] The trial court did make the following comments prior to its continuance of the hearing.

"The Court: We will mark this case heard and submitted. In the meantime, there is a journal entry as you know that actually says that [*sic*] the Court does with reference to the case. * * *

"The Court: We will continue this to 1:30 on Monday then, I will get the information, better make it 2:30, make it 1:30 on Tuesday, so we will have a chance to get the record. We will get a copy of the record so you don't have to bother. We will have it here."

The record to which the trial court was referring apparently included only the journal entry of the December 9, 1974 dismissal.

there any reason advanced as to why the journal entries under the prior indictment were ignored.

Appellant, however, did not request that the journal entries under the prior indictment be considered by the court and did not object to their absence. The Supreme Court of Ohio has held that:

"Generally, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State* v. *Lancaster* (1971), 25 Ohio St. 2d 83 (Paragraph one of the Syllabus).

Because appellant did not object to the absence of the docket and journal entries in a timely manner and does not allege any prejudice or any specific error in the findings of the court² (Crim. R. 52[A]), this court will not consider the question of whether the trial court erred in its apparent failure to rely on the docket and journal entries for the facts of the prior indictment. Therefore, the third assignment of error is not well taken.

In the first error assigned the appellant alleges error by the trial court in granting defendant's motion to dismiss for lack of speedy trial under R. C. 2945.71/2945.73.

The trial court granted defendant's motion to dismiss for the following three reasons:

"1. He was confined in jail for this offense for a period in excess of 90 days, contrary to the provisions of Revised Code Sections 2945.71 and 2945.72.

---

²During the hearing appellant specifically agreed with the trial court's findings on the following:

(a) date of first arrest—September 6, 1974;

(b) first trial date—November 12, 1974;

(c) second trial date—December 9, 1974;

(d) dismissal of indictment for want of prosecution; and

(e) fact that indictment on February 17, 1975, was a reindictment of indictment dismissed on December 9, 1974.

During the hearing appellant stated that he had no records as to when defendant was incarcerated under the first indictment; defense counsel stated that defendant was incarcerated under the first indictment from September 6, 1974, until December 9, 1974.

"2. The failure to bring the defendant to trial prior to July 22, 1975 was so prejudicial to the right of the defendant to be afforded a speedy trial that it was violative of his U. S. and Ohio Constitutional rights thereto.

"3. The defendant with respect to this offense had been discharged by Judge White."

This assignment of error challenges only the first reason advanced by the trial court for dismissal. The supplemental brief by appellant additionally argues that the dismissal for want of prosecution by the first judge was without prejudice; i. e., the dismissal did not bar reindictment. Appellant does not argue in either brief that the trial court erred with respect to its conclusion that the defendant was denied his right to a speedy trial under Amendments Six and Fourteen, United States Constitution. Klopfer v. North Carolina (1967), 386 U. S. 213.

Unless this court were to find plain error under Crim. R. 52(B) in the conclusion of the trial court that defendant was denied his constitutional right to a speedy trial, this court is required to affirm the decision by the trial court. Affirmance would be required because any error in the trial court's dismissal on the other two grounds would be harmless. Crim. R. 52(A).

The United States Supreme Court in Barker v. Wingo (1972), 407 U. S. 514, identified some of the factors which courts should consider in determining whether a defendant has been deprived of his constitutional right to a speedy trial. The following four factors were identified: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id., at 530. In assessing these four factors, the court stated: "We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id., at 533.

We construe the above language to mean that evidence suggestive of a deprivation is not required for each of the four elements, but that evidence supportive of a deprivation is required for at least more than one of the four elements. Accord, State v. Davis (1976), 46 Ohio St. 2d 444.

In the case at bar the evidence appears to establish that the length of delay from the first arrest to the date of dismissal from which this appeal arises was approximately ten and one-half months. The reason for the delay after December 9, 1974 (at which time appellee was ready to proceed), was the dismissal of charges under the first indictment for want of prosecution, and approximately four months delay for return of the capias issued under the reindictment. The delay from the November 12, 1974, trial date to the December 9, 1974, trial date under the first indictment appears to have resulted from the motion by appellee for a continuance. Appellee did not assert his right to speedy trial prior to his filing a motion to dismiss on July 14, 1975, the capias having been returned June 16, 1975. Appellee claims that he was prejudiced by the delay resulting from the December 9, 1974, dismissal because witnesses available on December 9, 1974, would not be available to testify at the new trial date.

There is a basis on which the trial court could have concluded that appellee was denied his constitutional right to a speedy trial. Appellee was ready to proceed on December 9, 1974, but was prevented by the failure of appellant to prosecute. Although appellant may have been diligent in obtaining a reindictment, this diligence did not prevent appellee from being unnecessarily prejudiced by the delay.

Consequently, we do not find plain error in the dismissal by the trial court based on a finding that the constitutional right of defendant to a speedy trial had been violated.

The trial court found the December 9, 1974, judgment entry by Judge White[3] to be a dismissal with prejudice. The

[3] Case No. CR 16149
[3] "Dec. 9, 1974
[3] "The State moves for a continuance. Motion denied. Case is dismissed for want of prosecution. Defendant ordered discharged as to this case.

/S/ Judge George W. White"

basis for this conclusion is apparent from the following statement by the trial court:

"The Court: * * * I talked to Judge White. Judge White says it was his intention to discharge with prejudice. * * * "

A court speaks through its journal entries. This court cannot consider the explanatory comments made to the trial judge by Judge White as to the meaning of his journal entry of December 9, 1974, dismissing the charges against appellee for a failure to prosecute. *Citizens Budget Co.* v. *Furnace Discount Co.* (1932), 14 Ohio Law Abs. 180.

The December 9, 1974, dismissal for want of prosecution appears to have been based on a court's inherent power to dismiss for want of prosecution. *United States* v. *Furey* (C. A. 2, 1975), 514 F. 2d 1098; *Mann* v. *United States* (D. C. Cir. 1962), 304 F. 2d 394, *certiorari denied*, 371 U. S. 896.

A dismissal for want of prosecution is in the nature of a demurrer in a criminal case where the dismissal precedes the attachment of jeopardy in that the court implicitly finds the prosecution to be defective prior to the introduction of evidence without the defendant going forward in any way.

Although R. C. 2937.05 has apparently been superseded in part by Crim. R. 7(C), (D) and 12(I), the following portion of R. C. 2937.05 is not in conflict with the Criminal Rules. "The discharge of accused upon the sustaining of a motion to dismiss *shall not* be considered a bar to further prosecution either of felony or misdemeanor." (Emphasis added.) R. C. 2937.05 applies to demurrers. The dismissal by the court for want of prosecution in the case at bar is equivalent to the sustaining of a motion to dismiss under R. C. 2937.05.

Fed. R. Crim. P. 48(b) provides for a dismissal of an indictment "if there is unnecessary delay in bringing a defendant to trial." Dismissal for want of prosecution is included in the concept of "unnecessary delay" under Fed. R. Crim. P. 48(b). *United States* v. *Furey, supra*; *Mann* v. *United States, supra*. The court in *Mann* stated that in

granting dismissal under Fed. R. Crim. P. 58(b) the court should articulate whether the dismissal is constitutionally compelled and, if not, whether the dismissal is with or without prejudice. *See generally,* 3 Wright, Federal Practice and Procedure 309, Section 814. Where the dismissal does not appear to be constitutionally compelled and does not specifically indicate that it is with prejudice, federal courts have found the dismissal to be without prejudice under Fed. R. Crim. P. 48(B).* *United States* v. *Correia* (C. A. 1, 1976), 531 F. 2d 1095; *United States* v. *Stoker* (C. A. 10, 1975), 522 F. 2d 576; *United States* v. *Ortega-Alvarez* (C. A. 2, 1974), 506 F. 2d 455, *certiorari denied,* 421 U. S. 910.

The December 9, 1974, dismissal herein for want of prosecution does not specifically indicate that it is a dismissal with prejudice; the dismissal does not appear to have been based upon a defect in the indictment, on a finding of a deprivation of a constitutional or a statutory right to a speedy trial, on a finding of a double jeopardy violation or in reliance on a statute or rule authorizing dismissal for want of prosecution.

Under R. C. 2937.05 and the reasoning of federal courts construing Fed. R. Crim. P. 48(b), we conclude that a dismissal for want of prosecution in a criminal case, without more as in this case, does not bar reindictment. Therefore, the trial court erred in finding the December 9, 1974, dismissal to be a dismissal with prejudice.

Appellant contends that the reindictment of appellee could not have been properly dismissed under R. C. 2945.71 through 2945.73 for two reasons: first, that appellee permanently waived his right to speedy trial on November 12, 1974, and second, that the time limitations under R. C. 2945.71(C) and (D) run from the date of the arrest under the reindictment, the time appellee spent awaiting trial after arrest under the first indictment being irrelevant.

R. C. 2945.72 provides in part:

"The time within which an accused must be brought

---

*But cf.* Civ. R. 41(B)(1), (3), which specifically provide that a dismissal for a failure to prosecute operates as an adjudication on the merits.

to trial, or, in the case of felony, to preliminary hearing
and trial, may be extended only by the following: * * *

"(H) The period of any continuance granted on the
accused's own motion, and the period of any reasonable
continuance granted other than upon the accused's own
motion."

The express language, therefore, of R. C. 2945.72 does
not provide for permanent waiver of the statutory right to
a speedy trial. At best, appellant can demonstrate that a
delay of 28 days from the November 12, 1974, trial date to
the December 9, 1974, trial date, resulted from the re-
quest by appellee for a continuance.[5] Without deciding
whether the trial court properly found the continuance to
be seven days, this court concludes that the maximum ex-
tension that appellant may be entitled to consistent with
appellant's own statement of facts is from November 12,
1974, to December 9, 1974.

The contention by appellant that the applicable time
limitations of R. C. 2945.71[6] for bringing a defendant to
trial apply from the date of the reindictment is supported
in a number of jurisdictions with essentially similar speedy
trial statutes.[7] E. g., State v. Rhodes (1967), 77 N. M. 536,
425 P. 2d 47; State v. Teague (1959), 215 Ore. 609, 336 P.
2d 338; Latson v. Delaware (1958), 51 Del. 377, 146 A. 2d
597; State v. Rowland (1952), 172 Kan. 224, 239 P. 2d 949;
see, generally, annotation 30 A. L. R. 2d 462. The rationale
in these cases is conclusory in the sense that the courts

---

[5]The trial court specifically found appellee to have requested a seven-
day continuance on November 12, 1974.

[6]"(C) A person against whom a charge of felony is pending:

"(1) Shall be accorded a preliminary hearing within fifteen days
after his arrest;

"(2) Shall be brought to trial within two hundred seventy days
after his arrest.

"(D) For purposes of computing time under divisions (A), (B),
and (C) of this section, each day during which the accused is held in
jail in lieu of bail on the pending charge shall be counted as three days.

[7]A number of states have statutes or rules which deal with this
question. See e. g. Cal. Penal Code, Section 1387 (Deering 1975); Fla.
R. Crim. P. 3.191(h)(2); 11A N. Y. Crim. Proc., Section 210.20(4)
(McKinney 1972).

have found the original indictment to be a nullity and the reindictment to be a new proceeding. The court in *State* v. *Rhodes, supra,* at 538, 425 P. 2d at 48, stated:

"His position is that since he was originally informed against under an identical count in an information filed about May 3, 1962, which count was dismissed by the district attorney on or about August 29, 1962, that he was not accorded his statutory right to be tried at the next term of court, as provided by §41-11-4, N. M. S. A. 1953, and was not accorded his constitutional right to a speedy public trial. The fallacy in this argument is apparent. The 1962 charge was dismissed, and thus there was no charge against him upon which he could have been tried at the next term of court * * *."

The reasoning of the trial court in the case at bar to the effect that R. C. 2945.71 would properly include time pending trial under the original indictment (and also include time from dismissal of original indictment to reindictment) is supported in certain respects in a smaller number of jurisdictions with similar speedy trial statutes.[8] *E. g., Johnson* v. *State* (1969), 252 Ind. 79, 246 N. E. 2d 181; *People* v. *Fosdick* (1967), 36 Ill. 2d 524, 224 N. E. 2d 242. *See, generally,* annotation 30 A. L. R. 2d 462. The rationale in these cases is that the prosecution should not be able to avoid the speedy trial statute by the expedient of entering a *nolle prosequi* to an indictment against a defendant, and then subsequently reindicting him. The same result would obtain where the indictment, presumably through

---

[8]Title 18, United States Code Annotated, Section 3161 (Supp. 1977), a section of the federal speedy trial statute, provides in part:

"(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: * * *

"(6) If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge."

the dereliction of the prosecution, is dismissed for want of prosecution.

The courts of Ohio in reported opinions do not appear to have addressed the issue of the correct method of computing time under R. C. 2945.71 where the original indictment is dismissed and the defendant is subsequently reindicted. R. C. 2945.71 has been construed strictly in that *sua sponte* continuances are not permitted after applicable time limits have passed for trial. *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *Oakwood* v. *Ferrante* (1975), 44 Ohio App. 2d 318. In *Pudlock* at 106, the Ohio Supreme Court held that, "* * * practices which undercut the implementation of the 'speedy trial' provisions within R. C. 2945.71 and 2945.73 must not be employed to extend the requisite time periods." This court views the practice of the trial court's entering a *nolle prosequi* on the original indictment followed by reindictment, and the practice of the trial court's dismissing the original indictment because of fault or dereliction of the prosecution—such as dismissal for want of prosecution—to be practices which would undercut the implementation of the speedy trial statute unless, in computing time under R. C. 2945.71, the defendant's time pending trial under the original indictment is included with time pending trial under the reindictment.

Consequently, this court concludes that the proper method of computing time under R. C. 2945.71 is to include time pending trial under original indictment where a *nolle prosequi* has been entered on the original indictment or dismissed through fault of the prosecution. If the defendant is released without bail upon a dismissal of the original indictment, the defendant is not entitled to have time between the dismissal and the reindictment included under R. C. 2945.71, because during such period no charge is pending. However, if a defendant is held in jail or on bail under Crim. R. 12(I),[9] such time in jail or on bail will be in-

---

[9]Crim. R. 12(I) provides:

"Effect of determination. If the court grants a motion to dismiss based on a defect in the institution of the prosecution or in the indictment, information, or complaint, it may also order that the defendant be

cluded in the computation of time under R. C. 2945.71.

In the case at bar, appellee was incarcerated under the original charge from his arrest on September 6, 1974, until his discharge on December 9, 1974. Accepting the statement of the prosecutor that appellee allegedly "waived" his speedy trial rights by requesting a continuance on November 12, 1974, appellee would still have been incarcerated 68 days within the meaning of R. C. 2945.71, 2945.72, under the original charge. *See* R. C. 2945.72(H). The capias was returned under the reindictment on June 16, 1975. On July 14, 1975, appellee filed a motion to dismiss; on July 22, 1975, the motion was granted and appellee was discharged. Appellee was incarcerated at least 29 days under the reindictment even if the trial court found the delay in trial from July 14, 1975, to July 22, 1975, to be a period of delay necessitated by motion instituted by the appellee. *See* R. C. 2945.72(E).[10] We are persuaded that appellee was incarcerated at least 97 days within the meaning of R. C. 2945.71, 2945.72, and that the trial court properly dismissed the charges under R. C. 2945.73(A).

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Day and Krenzler, JJ., concur.

---

held in custody or that his bail be continued for a specified time not exceeding fourteen days, pending the filing of a new indictment, information, or complaint. Nothing in this rule shall affect any statute relating to periods of limitations. Nothing in this rule shall affect the state's right to appeal an adverse ruling on a motion under subsections (B)(1) or (2), when such motion raises issues which were formerly raised pursuant to a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment."

[10] "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * *."