This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The trial court found Mark T. Buck, defendant below and appellant herein, guilty of trafficking in drugs in violation of R.C. 2925.03 and of possession of drugs in violation of R.C. 2925.11
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS."
Our review of the record reveals the following facts pertinent to the instant appeal. On August 31, 1996, appellant was arrested for trafficking in drugs in violation of R.C.2925.03(A). A complaint subsequently was filed in the Chillicothe Municipal Court charging appellant with two counts of trafficking in drugs in violation of R.C. 2925.03(A). The court released appellant on his own recognizance and ordered appellant to post $10,000 bail.
On October 4, 1996, the state entered a nolle prosequi
pursuant to Crim.R. 48(A), and the court dismissed without prejudice both charges contained in the complaint.
On March 27, 1997, the Ross County Grand Jury indicted appellant. The indictment charged appellant with one count of trafficking in drugs in violation of R.C. 2925.03 and with one count of drug possession in violation of R.C. 2925.11. On July 2, 1997, appellant was arrested and served with the indictment.
On August 15, 1997, appellant filed a motion to dismiss the indictment. Appellant's motion asserted that he suffered a violation of his statutory speedy trial rights. Appellant argued that more than two hundred seventy days had elapsed since his August 31, 1996 arrest and that, consequently, R.C.2945.71 et seq. required the trial court to dismiss the indictment. Appellant noted that: (1) on August 31, 1996, he had been arrested and charged with two counts of trafficking in drugs; (2) the municipal court dismissed the charges; (3) the state subsequently indicted appellant for one count of trafficking in drugs and one count of possession of drugs; and (4) the state premised the March 27, 1997 indictment upon the same conduct for which appellant had been arrested on August 31, 1996. Appellant contended that the statutory speedy trial period was not tolled following the municipal court's October 4, 1996 dismissal of the charges because the court failed to explicitly state that appellant was released from his bail obligations. Appellant further argued that the statutory speedy trial period for the new and additional drug possession charge contained in the indictment had expired.
On November 24, 1997, the trial court denied appellant's motion to dismiss. While the trial court recognized that the municipal court never filed an entry explicitly releasing appellant from his bail obligations, the trial court rejected appellant's argument that the municipal court's failure to file an entry specifically discharging appellant from bail resulted in the continued running of the statutory speedy trial time. The court stated:
 " [Appellant] had posted a surety bond and had been released on his own recognizance. [Appellant] was free of any physical restraint on his person traditionally associated with arrest and pending charges. [Appellant] was not subject to any incarceration on the trafficking charges after their dismissal. In conclusion, the Court finds that [appellant]'s speedy trial rights as to Count 1 (trafficking in drugs) runs from the date of his initial arrest on August 31, 1996 until the dismissal of charges on October 4, 1996. The time to be brought to trial is then tolled until July 2, 1997, the date [appellant] was arrested on the indictment. The time for which to bring [appellant] to trial on Count 1 shall then run from July 2, 1997 to August 15, 1997, the date [appellant] filed his motion to dismiss. Upon the filing of this entry, the time to try [appellant] shall commence running."
The trial court also rejected appellant's argument that the drug possession charge was not tolled during the time between the October 4, 1996 dismissal and his July 2, 1997 arrest and arraignment.
On March 20, 1998, appellant entered no contest pleas to the charges in the indictment. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant contends that the trial court erred by overruling his motion to dismiss. Appellant asserts that the trial court deprived him of his statutory right to a speedy trial. In particular, appellant argues that the trial court erroneously concluded that the speedy trial period for the drug trafficking charge was tolled from the October 4, 1996 dismissal until July 2, 1997, the date appellant was arrested and served with the indictment. Appellant asserts that the municipal court's failure to explicitly discharge appellant from his bail obligations effectively resulted in appellant remaining under a "stigma associated with a criminal proceeding. See State v. Broughton
(1991), 62 Ohio St.3d 253, 257, 581 N.E.2d 541, 545. Appellant also argues that the trial court erroneously concluded that the time within which to bring appellant to trial on the drug possession charge was subject to the same tolling period as the trafficking charge.
The state asserts that the trial court correctly determined that appellant suffered no violation of his statutory speedy trial rights. The state contends that the trial court properly concluded that the statutory speedy trial time for both the drug trafficking charge and the drug possession charge was tolled between October 4, 1996 (the date the municipal court dismissed the charges) and July 2, 1997 (the date of appellant's arrest).
Initially, we note that a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions presents a mixed question of law and fact for our review. If competent, credible evidence supports the trial court's findings of fact, we will defer to the trier of facts. We will, however, independently review whether the trial court properly applied the law to the facts of the case. See,e.g., State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97 CA 2 97 CA 4, unreported; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, unreported.
The speedy trial provisions, R.C. 2945.71-.73, seek to enforce an accused's constitutional right to a speedy and public trial. State v. Pachay (1980), 64 Ohio St.2d 218,416 N.E.2d 589, syllabus. In City of Brecksville v. Cook (1996),75 Ohio St.3d 53, 55, 661 N.E.2d 706, 707, the court discussed an accused's right to a speedy trial as follows:
 "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, of the Ohio Constitution. State v. Broughton (1991), 62 Ohio St.3d 253, 256, 581 N.E.2d 541, 544; see Columbus v. Bonner (1981), 2 Ohio App.3d 34, 36, 2 Ohio B. Rep. 37, 39, 440 N.E.2d 606, 608. The constitutional guarantee of a speedy trial was originally considered necessary to prevent oppressive pretrial incarceration, to minimize the anxiety of the accused, and to limit the possibility that the defense will be impaired. State ex rel. Jones v. Cuyahoga Cty. Ct. of Common Pleas (1978), 55 Ohio St.2d 130, 131, 9 Ohio App.3d 108, 109, 378 N.E.2d 471, 472.
 Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court a speedy public trial by an impartial jury.' 'Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial.' (Citations omitted.) State v. Pachay
(1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589, 591. We are acutely conscious of the magnitude of the rights we interpret today. We have also previously explained, however, that the prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions."
In seeking to enforce an accused's constitutional right to a speedy trial, R.C. 2945.71(C)(2) requires the state to try a person charged with a felony within two hundred seventy days after his arrest. For purposes of computing the two hundred seventy day period, R.C. 2945.71 (E) provides that each day an accused spends in jail awaiting trial on the pending charge counts as three days. The date of arrest is not counted in calculating the number of speedy trial days that have elapsed.State v. Lautenslaqer (1996), 112 Ohio App.3d 108, 109-110,677 N.E.2d 1263; State v. McCornell (1993), 91 Ohio App.3d 141,145, 631 N.E.2d 1110, 1112; State v. Steiner (1991), 71 Ohio App.3d 249,250-251, 593 N.E.2d 368, 369.
Once an accused demonstrates that more than two hundred seventy days have elapsed between his initial arrest and the date of his trial, the accused establishes a prima facie case for dismissal. State v. Butcher (1986), 27 Ohio St.3d 28,30-31, 500 N.E.2d 1368, 1369-1370; State v. Baker (1993),92 Ohio App.3d 516, 525, 636 N.E.2d 363, 369; State v. Howard
(1992), 79 Ohio App.3d 705, 707, 607 N.E.2d 1121; State v.Geraldo (1983), 13 Ohio App.3d 27, 28, 468 N.E.2d 328. The burden then shifts to the state to produce evidence demonstrating that the accused was not entitled to be brought to trial within the two hundred seventy day period. Baker,92 Ohio App. 3d at 526, 636 N.E.2d. at 369; Howard, supra; State v.Bowman (1987), 41 Ohio App.3d 318, 319, 535 N.E.2d 730.
In the case at bar, while appellant established that more than two hundred seventy days elapsed following his August 31, 1996 arrest,[1] we believe that the state met its burden of demonstrating that no speedy trial violation occurred. We believe that the trial court properly concluded that the statutory speedy trial time for both the trafficking charge and the possession charge was tolled between the October 4, 1996 dismissal and the July 2, 1997 arrest.
In Broughton, 62 Ohio St.3d at 258, 581 N.E.2d at 545, the Ohio Supreme Court stated that "the speedy trial statute shall run against the state only during the time in which an indictment or charge of felony is pending." See, also, State v.DePue (1994), 96 Ohio App.3d 513, 517, 645 N.E.2d 745, 747. Thus, the Broughton court held:
 "For purposes of computing how much time has run against the state under R.C. 2945.71 et seq., the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12 (I)."
Id., 62 Ohio St.3d 253, 581 N.E.2d 541, paragraph one of the syllabus (Emphasis added.); see, also, State v. Bonarrigo
(1980), 62 Ohio St.2d 7, 402 N.E.2d 530; State v. Stephens
(1977), 52 Ohio App.2d 361, 370 N.E.2d 759. Thus, as theStephens court stated:
 "Where the defendant is released without bail upon dismissal of the original indictment, the [defendant] is not entitled to have time between the dismissal and the reindictment included pursuant to R.C. 2945.71, because during such period no charge is pending. However, if upon dismissal, the defendant is held in jail or on bail pursuant to Crim.R. 12(I), such time in jail or on bail will be included in the computation of time under R.C. 2945.71."
Id., 52 Ohio App.2d 361, 370 N.E.2d at 759, paragraph two of the syllabus; see, also, Bonarrigo, 62 Ohio St.2d at 11,402 N.E.2d at 534 ("* * * [W]here a prosecutor obtains a felony indictment, based upon the same conduct as was a previouslynolled, lesser-included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to R.C.2945.71 et seq. consists of whatever residue remains from the 270-day period set forth in R.C. 2945.71(C) after deducting the speedy trial time expended prior to the nolle Prosequi."
In Bonarrigo, 62 Ohio St.2d at 10, 402 N.E.2d at 534, the Ohio Supreme Court discussed additional situations that toll the statutory speedy trial period:
 "In State v. Spratz (1979), 58 Ohio St.2d 61, 62
n. 2, we expressly noted that the entry of a nolle prosequi on a felony charge tolled the running of statutory speedy trial time until such time as the accused was re-indicted. Similarly, in Westlake v. Cougill (1978), 56 Ohio St.2d 230, we excluded from the computation of speedy trial time a period between a nolle prosequi of misdemeanor charges and the service of summons of a second filing of misdemeanor charges arising out of the same conduct. In both cases, credit was given the accused for the period of time the charges based on the same conduct were pending prior to entry of the nolle prosequi."
The Bonarrigo court explained the rationale for tolling the statutory speedy trial period after a dismissal of criminal charges as follows:
 " '* * * After the Government's dismissal of the complaint against him appellant * * * was no longer under any of the restraints associated with arrest and the pendency of criminal charges against him. He was free to come and go as he pleased. He was not subject to public obloquy, disruption of his employment or more stress than any citizen who might be under investigation but not charged with a crime. Unless and until a formal criminal charge was filed against him, neither he nor the public generally could have any legitimate interest in the prompt processing of a nonexistent case against him.' "
Bonarrigo, 62 Ohio St.2d at 11, 402 N.E.2d at 535 n. 5 (quotingUnited States v. Hillegas (C.A.2, 1978), 578 F.2d 453, 458).
Thus, the foregoing principles demonstrate that when a trial court dismisses charges, when the defendant is not held in jail, and when the defendant is not released on bail pursuant to Crim.R. 12(I), the dismissal stops the running of the statutory speedy trial period.
In the case sub judice, it is undisputed that on October 4, 1996, the municipal court dismissed, without prejudice, the initial charges. Furthermore, the parties agree that appellant was not held in jail following the October 4, 1996 dismissal. It also is undisputed that the state subsequently filed an indictment based upon the same facts as contained in the original complaint. Thus, the crux of the issue in the case at bar is whether the municipal court's failure to issue an entry which explicitly released appellant from his bail obligations resulted in appellant's bail being continued pursuant to Crim.R. 12(I).
We do not believe that a court's failure to explicitly state in a dismissal entry, entered pursuant to Crim.R. 48(A), that a criminal defendant is released from bail necessarily results in the defendant's bail being continued pursuant to Crim.R. 12(I).
In State v. Tornstrom (Nov. 19, 1998), Cuyahoga App. No. 72898, unreported, the court was presented with a similar issue. In Tornstrom, the defendant's indictment was dismissed. The trial court's entry dismissing the charges simply stated:
 "Upon state's motion, case dismissed without prejudice. Defendant discharged. State has notified the defendant that upon re-indictment, case will proceed rapidly due to speedy trial constraints."
After the state subsequently reindicted the defendant, the defendant moved to dismiss the indictment based upon a violation of his statutory speedy trial rights. The defendant asserted that after the trial court dismissed the charges, he was released on bail, and, thus, that the dismissal did not toll the running of the speedy trial statute.
The court of appeals disagreed with appellant's argument that he was released on bail. The court noted that the trial court's entry simply dismissed the case and discharged the defendant. The court found no evidence in the record to suggest that the trial court continued the defendant's bail following the dismissal.
As in Tornstrom, in the case at bar we likewise find no evidence in the record from which we can conclude that the trial court continued appellant's bail following the October 4, 1996 dismissal.
Crim.R. 12(I) allows a court to continue a defendant's bail when the trial court dismisses criminal charges. The rule provides:
 (I) Effect of determination. If the court grants a motion to dismiss based on a defect in the institution of the prosecution or in the indictment, information, or complaint, it may also order that the defendant be held in custody or that the defendant's bail be continued for a specified time not exceeding fourteen days, pending the filing of a new indictment, information, or complaint. * * * *
(Emphasis added.)
In the present case, neither party has seriously argued that the trial court ordered that appellant's bail would be continued pursuant to Crim.R. 12(I) upon dismissal. LikeTornstrom, no evidence exists in the record to suggest that the municipal court continued appellant's bail pursuant to Crim.R. 12(I). Rather, upon reviewing the files in the case sub judice, we believe that the municipal court intended for appellant's bail obligations to terminate upon the dismissal of the case.
We note that appellant's recognizance form states that appellant shall comply with the terms of his bond "until such case is finally disposed of." The October 4, 1996 dismissal disposed of the case. Thus, we believe that the record demonstrates that once criminal charges were no longer pending against appellant, appellant's bail obligations were extinguished.[2]
Moreover, we note that "R.C. 2945.71(C) dictates that the speedy trial period runs only while the charge is pending."State v. Grover (Sept. 25, 1998), Ashtabula App. No. 97-A-0021, unreported, and that "the preeminent purpose of bail is to 'insure that the defendant appears at all stages of the criminal proceedings,' see Crim.R. 46(A) and State ex rel.Jones v. Hendon (1993), 66 Ohio St.3d 115, 118, 609 N.E.2d 541, 543-544." State ex re. Pirman v. Money (1994), 69 Ohio St.3d 591,595, 635 N.E.2d 26, 30; see, also, Black's Law Dictionary (6 Ed. 1990) 140 (stating that "[t]he purpose of bail is to ensure the return of the accused at subsequent proceedings"). As we previously stated, after the October 4, 1996 dismissal no criminal charges were pending against appellant. The municipal court did not grant a motion to dismiss based on a defect in the complaint and did not order that appellant's bail be continued for a fourteen day period pending the filing of a new complaint. Rather, the municipal court's dismissal entry dismissed the underlying case in its entirety. Accordingly, no rationale existed for continuing to impose bail upon appellant.
Thus, we agree with the trial court's conclusion that the municipal court's dismissal of the original complaint tolled the running of the statutory speedy trial period for the drug trafficking charge.
In his assignment of error, appellant also argues that the trial court erred by concluding that the drug possession charge was subject to the same tolling period as the drug trafficking charge. We disagree with appellant.
The Ohio Supreme Court has held:
 " '* * * When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' "
State v. Adams (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025,1027 (quoting State v. Clay (1983), 9 Ohio App.3d 216, 218,459 N.E.2d 609, 610); see, also, State v. Baker (1997), 78 Ohio St.3d 108,110, 676 N.E.2d 883, 885.
Employing the foregoing principle leads this court to conclude that the new and additional drug trafficking charge premised upon the same facts contained in the original complaint is subject to the same statutory limitations period as the original drug trafficking charge. See State v. Jarvis
(Dec. 12, 1998), Portage App. No. 97-P-0101, unreported; Statev. Cosby (May 7, 1993), Clark App. No. 2979, unreported. Thus, because the dismissal of the original drug trafficking charges tolled the statutory speedy trial provisions, the dismissal also tolled the new and additional drug possession charge arising from the same facts.
Therefore, pursuant to R.C. 2945.71 et seq., we calculate the speedy trial period as follows: (1) between August 31, 1996 (the date of appellant's initial arrest) and October 4, 1996, 34 days are charged to the state;[3] (2) between October 4, 1996 and July 2, 1997, the speedy trial clock is tolled; (3) between July 2, 1997 and August 15, 1997 (the date appellant filed his motion to dismiss, see R.C. 2945.72(E)), 44 days are charged to the state; (3) between November 24, 1997 (the date the trial court rendered its decision on appellant's motion to dismiss) and March 20, 1998 (the date appellant entered his pleas of no content), 117 days had expired on the statutory speedy trial clock. A total of 195 days elapsed pursuant to the speedy trial statute. Thus, we find no violation of appellant's statutory right to speedy trial.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Opinion
Grey, J.: Dissents*
For the Court
 BY: _______________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Between appellant's August 31, 1996 arrest and his July 2, 1997 arrest pursuant to the subsequent indictment, three hundred five days elapsed.
[2] Furthermore, we note that R.C. 2937.40(C) provides that bail of any type "shall be discharged and released to the accused, and property pledged by an accused for a recognizance shall be discharged, upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court * * *."
[3] It is unclear from the record whether appellant spent time in jail pursuant to his initial arrest. Thus, we have not used the triple-count provision in our calculation. We note that employing the triple-count provision would not affect our descision that appellant has suffered no violation of his statutory speedy trial rights.
* Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.