OPINION
Appellant Ralph Gearhart appeals the decision of the Licking County Court of Common Pleas that denied his motion to dismiss the indictment pursuant to R.C. 2945.73. The following facts give rise to this appeal. On October 15, 1998, the Licking County Grand Jury indicted appellant on two counts of sexual battery. These charges were the result of a sexual relationship appellant had with Brandy Clark, the seventeen-year-old daughter of Trisha Spearman, the woman with whom appellant was living. Appellant appeared, at his arraignment, on October 26, 1998, and entered a plea of not guilty. The trial court scheduled appellant's trial for March 17, 1999. Thereafter, on January 25, 1999, the trial court sua sponte continued the trial until May 10, 1999. On May 5, 1999, the state filed a motion requesting a continuance of the trial date. The trial court overruled the state's motion. The state moved to dismiss the indictment against appellant "* * * in light of the court's recent ruling to deny them a continuance." The trial court granted the state's motion. On June 11, 1999, the Licking County Grand Jury again indicted appellant on the above charges. Appellant appeared, on June 21, 1999, and entered a plea of not guilty. At a pretrial conducted on July 15, 1999, defense counsel informed the trial court that she believed a speedy trial problem existed. The trial court scheduled this matter for trial on July 22, 1999. On July 20, 1999, appellant filed a motion to dismiss the charges contained in the indictment on the basis that he was denied his right to a speedy trial as a result of the dismissal and re-indictment. The trial court overruled appellant's motion to dismiss on July 22, 1999. Thereafter, the state amended count one of the indictment to contributing to the delinquency of a minor and appellant entered a plea of no contest to this count. The state dismissed count two of the indictment. On August 19, 1999, the trial court sentenced appellant to six months incarceration, suspended the sentence, and placed appellant on five years probation. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS THE MATTER PURSUANT TO R.C. § 2945.73.
 I
Appellant contends, in his sole assignment of error, that the trial court erred when it overruled his motion to dismiss on speedy trial grounds. We disagree. The right to a speedy trial is encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial, to a person accused of a crime, is a fundamental right made obligatory on the states through the Fourteenth Amendment. R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and R.C. 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C.2945.71 and 2945.73. State v. Reeser (1980), 63 Ohio St.2d 189,191; State v. Rockwell (1992), 80 Ohio App.3d 157, 165. Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending, "[s]hall be brought to trial within two hundred seventy days after his arrest." Appellant maintains the only issue in this case is whether the time from May 5, 1999, the date the first case was dismissed, to June 11, 1999, the date the grand jury re-indicted him, should be included for speedy trial purposes. Appellant acknowledges the Ohio Supreme Court's decision in State v. Broughton (1991), 62 Ohio St.3d 253, which addresses this issue. However, appellant argues the facts of the case sub judice are distinguishable from Broughton. In Broughton, the Ohio Supreme Court held: For purposes of computing how much time has run against the state under R.C. 2945.71 et seq., the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I). Id. at paragraph one of the syllabus.
Specifically, appellant claims his case differs from the facts of Broughton because although he was not under indictment, during the thirty-six days preceding his re-indictment, he experienced anxiety with his knowledge that the state intended to re-indict him for the same charges. As a result of this anxiety, appellant argues the charges were, in essence, still pending. Further, appellant claims that the charges were still pending during this thirty-six day period because the state continued to enforce the bond condition that he have no contact with the victim. The fact that appellant may have suffered anxiety during this thirty-six day period does not require the state to include this time period for speedy trial purposes. The Ohio Supreme Court was clear, in Broughton, that the time period between the dismissal of an indictment and subsequent re-indictment is not counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I). Appellant was not held in jail between the dismissal of the indictment and subsequent re-indictment. Nor was appellant released on bail pursuant to Crim.R. 12(I). Appellant contends that the enforcement of the bond condition that he have no contact with the victim resulted in the charge still pending during this time period. We do not believe the enforcement of the bond condition is the type of restraint sufficient to trigger the time requirement contained in R.C. 2945.71(C)(2). Appellant also maintains the state undertook a course of action which circumvented R.C. 2945.71(C)(2) because the dismissal, by the state, was merely a way to acquire additional time to prepare for trial. The Eighth District Court of Appeals addressed a similar fact situation in State v. Stephens (1977), 52 Ohio App.2d 361. The facts in Stephens involved a dismissal, for want of prosecution, after the trial court denied the state a continuance. Id. at 362. In addressing how to compute the time period between the dismissal of the first indictment and re-indictment, under R.C. 2945.71, the Eighth District Court of Appeals stated: In Pudlock, 44 Ohio St.2d at 106, 338 N.E.2d at 525, the Ohio Supreme Court held that, `* * * practices which undercut the implementation of the "speedy trial" provisions within R.C.2945.71 and 2945.73 must not be employed to extend the requisite time periods.' This court views the practice of the trial court's entering a nolle prosequi on the original indictment followed by re-indictment, and the practice of the trial court's dismissing the original indictment because of fault or dereliction of the prosecution such as dismissal for want of prosecution to be practices which would undercut the implementation of the speedy trial statute unless, in computing time under R.C. 2945.71, the defendant's time pending trial under the original indictment is included with time pending trial under the re-indictment. Id. at 371.
Pursuant to Stephens, we do not find the state's conduct, in the case sub judice, violated R.C. 2945.71(C)(2). The inclusion of appellant's time pending under the original indictment, with the time pending under the re-indictment, protected appellant's rights under the speedy trial statute and prevented the state from undermining the intent of R.C. 2945.71(C)(2). Under the speedy trial statute, a total of two hundred and three days passed for speedy trial purposes. A total of forty-two days passed for speedy trial purposes under the second indictment. Thus, as of the day of trial, July 22, 1999, a total of two hundred and forty-five days passed, which is well within the two hundred and seventy days permitted by R.C. 2945.71(C)(2). Based on the above, we find the trial court did not err when it overruled appellant's motion to dismiss. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
GWIN, P.J., and EDWARDS, J., CONCUR.