18

THE STATE OF OHIO *v.* MALONE.

(No. 84 CRB 11 and 12—
Decided June 18, 1984.)

Van Wert Municipal Court.

*Mr. George E. Crummey,* law director, for plaintiff.
*Mr. John A. Sabol,* for defendant.

DEVINNE, J.[1] This matter came on for hearing on the defendant's motions to dismiss with prejudice the within complaints, the statements and arguments of respective counsel, and the evidence. Prior thereto, both cases were consolidated for trial on the court's own motion.

In support of said motions the defendant, John M. Malone, asserts, *inter alia,* that he has not been accorded a speedy trial as required by R.C. 2945.71 *et seq.;* that identical charges against him were previously dismissed by this court and, hence, he is subjected to unjustifiable expense by their reinstitution; that such reinstitution is politically motivated; and that prior plea negotia-

tions in connection with such dismissals preclude such reinstitution.

Initially the court notes that there is no merit to the defendant's assertion that he has been denied a speedy trial, since the record discloses an express waiver thereof. Further, the court observes that the fact a party is put to additional expense or inconvenience by the reinstitution of criminal charges is normally of no consequence and, likewise, the motive for the filing of criminal charges is usually unimportant.

From the evidence adduced at such hearing the court finds:

(1) The charge (aggravated menacing) in case No. 84 CRB 11 is identical to that in case No. 83 CRB 138 of the records and dockets of this court and the charge (using a weapon while intoxicated) in case No. 84 CRB 12 is identical to that in case No. 83 CRB 118 thereof;

(2) On July 11, 1983 case Nos. 83 CRB 118 and 83 CRB 138 were each dismissed by this court pursuant to the following journal entry:

"This day came the City Law Director * * * on behalf of the State of Ohio, and with leave of the Court, and for good cause shown, entered a Nolle Prosequi on the above affidavit. Costs of $100.00 to be assessed to the defendant, John M. Malone.";

(3) Each such journal entry was signed by the Presiding Judge, the Honorable Sumner J. Walters, and was approved by counsel for the state of Ohio and the defendant;

(4) The normal court costs assessed upon any such dismissal in this court are only $30;

(5) Prior to such dismissals plea negotiations were had between the parties' former counsel whereby the former prosecutor agreed to recommend to the

[1] DEVINNE, J., retired, of the East Cleveland Municipal Court, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

court that the charges be nolled in return for the payment of the sum of $100 as court costs in each case by the defendant and his promise not to appeal any disciplinary action then anticipated to be taken by his employer, Ohio Department of Liquor Control, as the result of the incident which gave rise to the charges;

(6) During the course of such plea negotiations consideration was given by the former prosecutor to the defendant's prior record, his character, his employment and the effect thereon of a guilty finding on either charge, the then anticipated disciplinary action to be taken by his employer, and the gravamen of the charges;

(7) The terms of said dismissals and the general tenor of the plea negotiations were made known to the said Judge Sumner J. Walters who, in open court, approved the same;

(8) The defendant paid the court costs assessed of $100 in each case and did not appeal the subsequently taken disciplinary action of his employer under which he was suspended from active duty for sixty days, thereby suffering a wage loss of approximately $5,500, and transferred from its law enforcement section to another one where he has no need to carry a firearm;

(9) The aforesaid consummated plea bargain was intended by all the parties to be a complete resolution of said charges and was so understood by the Presiding Judge. Parenthetically the court notes that while the former prosecutor testified that "no further charges were to be brought if no additional serious charges" were committed by the defendant, presumably within a time frame which would have permitted the filing thereof, such condition was neither communicated to the defendant nor to the Presiding Judge and, consequently, never became a part of said plea bargain. Even if it did, there is no evidence that the defendant has committed any serious legal transgression to date that would have justified any further charges;

(10) In November 1983 the former prosecutor sought reelection as law director of the city of Van Wert, Ohio. He was successfully opposed by the present law director who, in his campaign literature, politicized such dismissals and pledged "a full investigation of the dismissal of [such] charges and [to] make a complete report to the citizens." (Bracketed material added.); and

(11) Within one week of assuming the office of law director of said city the present prosecutor caused the dismissed charges to be refiled.

The narrow issue presented for this court's determination is whether the reinstitution of the original charges is proper in view of the circumstances attendant upon their prior dismissal.

Clearly it is the sole function of the prosecutor to institute criminal charges and to determine what charges shall ultimately be brought to trial. Vast discretion is vested in the prosecutor in connection therewith, including the authority to recommend the dismissal of pending criminal charges. In 1 Aplin, Dowd, Gilday & Metz, Anderson's Ohio Criminal Practice and Procedure (1973) 193, Section 16.1, it is stated that "broad discretionary power of the prosecuting attorney is a dominant feature of the American criminal justice system" relative to dismissal practice. The authority of a prosecutor to dismiss pending criminal charges is found in Crim. R. 48(A) which provides:

"The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

Cf. R.C. 2941.33 which reads:

"The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of court, on good cause

shown, in open court. A nolle prosequi entered contrary to this section is invalid."

And see Crim. R. 11(F) which deals with negotiated pleas in felony cases and reads:

"When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

In the instant cases only misdemeanors are involved. Therefore no recording of the proceedings was required and none was made. There was, however, compliance with both Crim. R. 48(A) and R.C. 2941.33.

It is equally clear that where a dismissal (or nolle prosequi) is not stated to be with prejudice, it is not a bar to the reinstitution of the original charge in the absence of applicable statutory or constitutional limitations. See *State* v. *Stephens* (1977), 52 Ohio App. 2d 361 [6 O.O.3d 404], the first paragraph of the syllabus of which reads:

"In a criminal proceeding, a dismissal for want of prosecution is not a bar to reindictment unless one of the following occurs: the dismissal is constitutionally compelled; the dismissal is statutorily compelled and the statute requires a dismissal under that statute to be without prejudice; or the entry of dismissal provides that the dismissal is with prejudice."

See, also, *State* v. *Sutton* (1979), 64 Ohio App. 2d 105 [18 O.O.3d 105].

In the cases *sub judice* the dismissals were neither expressly stated to be with prejudice nor were they statutorily compelled to be without prejudice. Were the dismissals, then, constitutionally compelled to be with prejudice? The answer thereto is rooted in the sense of justice and fair play inherent in the Due Process Clauses of both the federal and Ohio Constitutions and requires a considera-

tion of the applicability thereof to the plea bargaining that occurred herein.

Patently, since the original charges were dismissed and no plea of any kind was received incident thereto, this is not the typical case of plea bargaining. Nevertheless the doctrine thereof applies by analogy to the cases *sub judice*.

Plea bargaining is sanctioned both by the United States Supreme Court and Ohio law. In *Santobello* v. *New York* (1971), 404 U.S. 257, at 260, the United States Supreme Court said:

"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the State and the Federal Government would need to multiply by many times the number of judges and court facilities."

And at 262 of the opinion therein the following appears:

"This phase of the process of criminal justice [*i.e.,* plea bargaining], and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those *circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."* (Bracketed material and emphasis added.)

And in the opinion of *Akron* v. *Ragsdale* (1978), 61 Ohio App. 2d 107 [15 O.O.3d 107], the following appears at 109 thereof:

"Plea bargaining is a recognized fact of life in today's criminal justice system. It is accepted and approved as a method of disposing of criminal cases. * * *

"We recognize the need and thereby approve of the prosecution entering into meaningful and good faith negotiations with defense counsel."

While it is true that the bargaining herein did not result in a plea but rather an outright dismissal of the original charges, the plea bargaining analogue is particularly tenable here where the defendant paid court costs of more than three times the normal amount and suffered a wage loss of approximately $5,500 by virtue of the disciplinary action of his employer, which action, in accordance with his promise, he did not appeal.

No Ohio case dealing with such an atypical plea bargain has been discovered by this court. However a reference to the reported decisions of a sister state has proved fruitful. In the case of *People v. Reagan* (1975), 395 Mich. 306, 235 N.W. 2d 581, which involved a situation in which the prosecutor dismissed charges of assault to do great bodily harm less than murder and torturing a child in accordance with his promise to do so if the defendant successfully passed a polygraph examination (which he did) and thereafter, having serious questions as to the validity of the polygraph, reindicted the defendant upon his refusal to submit to additional serum tests, the Michigan Supreme Court, after first noting that an atypical plea bargaining instance existed, since no plea was bargained for, held the prosecutor bound to his promise. In so doing it said, at 317-319, 235 N.W. 2d at 587:

"Normally a nolle prosequi is a dismissal without prejudice which does not preclude initiation of a subsequent prosecution. *People v. Curtis,* 389 Mich. 698, 209 N.W. 2d 243 (1973). Under the facts of this case, however, entry of the order of nolle prosequi was by its presence the final act of fruition of a binding agreement.

"* * *

"It was within the power of the prosecution to enter into this agreement. We therefore reject the contention that the agreement per se is against public policy, noting that here the trial judge and the prosecutor were the appointed arbiters of public policy. In our view, a pledge of good faith in this instance gave force to an unwise agreement which became binding upon trial court approval of nolle prosequi. We are not confronted with the situation where the prosecutor is misled by force of defendant's connivance into a disadvantageous agreement or where facts not within the fair contemplation of agreement have come to light. We find, contrary to the trial court determination, that the defendant was prejudiced by the proceedings below [*i.e.,* the trial court's refusal to quash the reindictments on the basis of the prior bargain]. Upon trial court approval of nolle prosequi, defendant was entitled to rely upon the agreement.

"Law enforcement processes are committed to civilized courses of action. When mistakes of significant proportion are made, it is better that the consequences be suffered than that civilized standards be sacrificed." (Bracketed material added.)

In the cases *sub judice* the reinstitution of the dismissed charges was transparently the result of a campaign promise made to the electorate by the present prosecutor in the political arena. Such a promise pales in significance to that which his predecessor made to the defendant in the calm and dispassionate atmosphere of the judicial forum. To permit the reinstitution of the dismissed charges in these cases would violate the sense of justice and fair play encompassed by the Due Process Clauses of both the federal and Ohio Constitutions. Here the former prosecutor acted in good faith and the evidence is singularly lacking of any suggestion of egregious behavior on his part or that of the defendant or his former counsel. At most, the

former prosecutor's decision, viewed in retrospect, constituted poor political judgment—a judgment for which the defendant should not be further penalized. To allow a successor prosecutor to second-guess a predecessor's good faith decision or to renege on a predecessor's promise based thereon would eviscerate the entire concept of plea bargaining, ignore civilized standards, and pervert the entire criminal justice system.

In the light of all of the foregoing this court can only conclude that the original dismissals were constitutionally compelled to be with prejudice and, accordingly, finds that the defendant's motions are well-taken.

It is, therefore, ordered that the within complaints each be dismissed with prejudice.

*Complaint dismissed.*