[Cite as *State v. Roberts*, 2022-Ohio-3544.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

    v.

PERCY L. ROBERTS

    Appellee

C.A. No.     30211

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 19 11 4072

DECISION AND JOURNAL ENTRY

Dated: October 5, 2022

SUTTON, Judge.

{¶1}    Plaintiff-Appellant the State of Ohio appeals the judgment of the Summit County Court of Common Pleas for dismissing the indictment against Defendant-Appellee Percy Roberts with prejudice. For the reasons that follow, this Court reverses.

I.

{¶2}    Mr. Roberts was indicted by a grand jury on one count of theft from a person in a protected class, in violation of R.C. 2913.02(A)(1), R.C. 2913.02(B)(3), a felony of the fourth degree.

{¶3}    On December 6, 2021, Mr. Roberts appeared before the trial court for a hearing by video conference. At the hearing, the State made a motion to dismiss the indictment. Importantly, the State made the motion to dismiss the indictment without prejudice. The State noted it had received an affidavit from Mr. Roberts revoking a previous power of attorney Mr. Roberts had

over J.L., the victim in the case. The State also requested that, if possible, the trial court order Mr. Roberts to have no contact with the victim.

{¶4} In response, Mr. Roberts requested the trial court grant the State's motion to dismiss, but asked that the indictment be dismissed with prejudice, and "order that this arrest be stricken, sealed and expunged from all proceedings and reporting areas." The State responded that while it requested the trial court order Mr. Roberts to have no contact with the victim, it acknowledged that the trial court likely could not issue such an order, "but maybe with the case potentially still hanging over his head, with it being potentially refiled, [Mr. Roberts] would think twice about having contact with [J.L.] and her family."

{¶5} Over the State's objection, the trial court dismissed the indictment with prejudice.

{¶6} The State timely appealed and set forth one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY DISMISSING THE INDICTMENT WITH PREJUDICE WHEN THE STATE MOVED TO DISMISS THE INDICTMENT WITHOUT PREJUDICE**

{¶7} In its sole assignment of error, the State argues the trial court improperly dismissed the indictment against Mr. Roberts. Specifically, the State argues, pursuant to Crim.R. 48(A) and (B), the trial court erred in dismissing the indictment with prejudice. We agree.

{¶8} We review a trial court's dismissal of an indictment, pursuant to Crim.R. 48, under an abuse of discretion standard. *See State v. Busch*, 76 Ohio St.3d 613, 616 (1996). "An abuse of discretion implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable." *Id.* citing *State v. Jenkins,* 15 Ohio St.3d 164, 222 (1984).

**{¶9}** Crim.R. 48 states:

**(A) Dismissal by the State**.

The [S]tate may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.

**(B) Dismissal by the [c]ourt**.

If the court over objection of the [S]tate dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

(Emphasis in original.) Further, "[u]nder Crim.R.48(B) the court may not dismiss an indictment with prejudice *unless it is apparent that the defendant has been denied either a constitutional or statutory right*, the violation of which would, in itself, bar prosecution." (Emphasis added.) *State v. Bales*, 9th Dist. Lorain No. 11CA010126, 2012-Ohio-4426, ¶ 13, citing *State v. Dixon*, 14 Ohio App.3d 396 (8th Dist.1984); *see also State v. Grundy*, 9th Dist. Summit No. 22843, 2006-Ohio-521, ¶ 5-8. ("The trial court abused its discretion by dismissing the indictment with prejudice where the State moved to dismiss the indictment without prejudice, and where the record shows no evidence or claim of constitutional or statutory violations of the appellee's rights.")

**{¶10}** Here, in the trial court's journal entry dismissing the indictment, the trial court expressly stated the *Dixon* standard requiring the trial court to find a deprivation of constitutional or statutory right had not been met, noting "[t]he [c]ourt finds this matter does not meet that standard." The trial court went on to state, "where the dismissal is the result of a plea bargain of such a nature that allowing restitution of the charges would be manifestly unfair, the dismissal is constitutionally required to be with prejudice" and cited to *State v. Malone*, 14 Ohio Misc.2d 18 (M.C.1984). However, the trial court's reliance on *Malone* is misguided.

{¶11} In *Malone*, the trial court dismissed a complaint with prejudice where the defendant had previously paid both court costs of more than three times the normal amount and suffered a wage loss of $5,500 by virtue of disciplinary action by his employer. *Malone* at * 21. In accordance with his plea bargain, the defendant did not appeal. *Id.* The State then reinstated the dismissed charges as a "result of a campaign promise made to the electorate by the present prosecutor in the political arena." *Id.* While the trial court in this case was correct that the court in *Malone* found the original dismissals were constitutionally compelled to be with prejudice, the court found this was necessary because "[t]o permit the reinstitution of the dismissed charges in these cases would violate the sense of justice and fair play encompassed by the Due Process Clauses of both the federal and Ohio Constitutions." The *Malone* court, in fact, noted the defendant's constitutional right that was violated.

{¶12} Therefore, because the record here, unlike in *Malone*, shows no evidence or claim of constitutional or statutory violations of Mr. Roberts' rights, we are unpersuaded by Mr. Roberts' arguments, and determine that the trial court abused its discretion in dismissing the indictment with prejudice.

{¶13} The State's sole assignment of error is sustained.

III.

{¶14} The State's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings in accordance with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

ANGELA M. KILLE, Attorney at Law, for Appellee.