[Cite as *State v. Crim*, 2025-Ohio-1921.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| WILLIAM ACKER CRIM AKA | : | Case No. 24-COA-024 |
| WILLIAM ACKER-CRIM | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Case No. 23-CRI-218

JUDGMENT: Affirmed

DATE OF JUDGMENT: May 28, 2025

APPEARANCES:

For Plaintiff-Appellee

ANDREZ R. PEREZ
110 Cottage Street
Third Floor
Ashland, OH 44805

For Defendant-Appellant

BRIAN A. SMITH
123 South Miller Road
Suite 250
Fairlawn, OH 44333

*King, J.*

{¶ 1}   Defendant-Appellant William Acker Crim, aka William Acker-Crim appeals the June 4, 2024 judgment of conviction and sentence of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

## FACTS AND PROCEDUARAL HISTORY

{¶ 2}   According to the police reports contained in the presentence investigation in this matter, on August 24, 2023, the Ashland Police Department began an investigation into allegations that appellant was engaging in sexual conduct with Jane Doe, his girlfriend's intellectually challenged 14-year-old daughter.

{¶ 3}   Both Doe and appellant were interviewed by Ashland Police Department Detective James Coey. Doe stated appellant had engaged in sexual conduct with her on many occasions. She stated vaginal intercourse had taken place four or five times and fellatio had occurred on "more occasions than she could put a number on." Doe stated these offenses took place in several Ohio locations including Plymouth, Ontario, and Ashland. She specifically described seven separate offenses to officers.

{¶ 4}   Appellant admitted to the same offenses described by Doe. He blamed Doe, however, stating she had "an odd attraction" to him and was "obsessed" with him.

{¶ 5}   On September 15, 2023, the Ashland County Grand Jury returned an indictment charging appellant with seven counts of unlawful sexual conduct with a minor pursuant to R.C. 2907.04(A), felonies of the fourth degree. On April 25, 2024, appellant pled guilty as charged. The trial court ordered a presentence investigation (PSI) and set the matter over for sentencing.

{¶ 6}   Appellant appeared for sentencing on June 3, 2024. The trial court received and reviewed the PSI, victim impact statements, and heard from appellant, counsel for appellant, Doe's mother, a family friend of Doe, and the State. The trial court sentenced appellant to 18 months of incarceration on each count and ordered him to serve the sentences consecutively for an aggregate prison term of ten and a half years. Appellant did not object to the imposition of consecutive sentences.

{¶ 7}   Appellant timely filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 8}   "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO MERGE COUNTS ONE THROUGH SEVEN FOR PURPOSES OF SENTENCING AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25, IN VIOLATION OF APPELLANT'S RIGHT AGAINST DOUBLE JEOPARDY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

II

{¶ 9}   "THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO SEEK THE MERGER OF COUNTS ONE THROUGH SEVEN FOR PURPOSES OF SENTENCING, AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

III

{¶ 10} "THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C.2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD."

I

{¶ 11} In his first assignment of error, appellant argues the trial court committed plain error by failing to merge counts one through seven because they are allied offenses. We disagree.

Applicable Law

{¶ 12} As an initial matter, appellant did not object to the imposition of consecutive sentences. We therefore review this assignment of error for plain error. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 13} R.C. 2941.25 governs multiple counts and states the following:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment

or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} In *State v. Ruff,* 2015-Ohio-995, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 15} The *Ruff* court explained at ¶ 26:

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

The Indictment, Jane Doe's Disclosures, and Appellant's Confessions

{¶ 16} The indictment in this matter charged appellant with seven counts of unlawful sexual conduct with Jane Doe as follows:

{¶ 17} Count one alleged vaginal intercourse which took place between November 1, 2022 and August 24, 2023 in Ashland County. There is no bill of particulars contained

in the record, however, the State argues this count pertains to appellant's confession that he engaged in vaginal intercourse with Doe in his bedroom at their trailer in Ashland. PSI at 9.

{¶ 18} Count two also alleged vaginal intercourse which took place between November 1, 2022 and August 24, 2023 in Ashland County. The State argues this count pertains to an incident of sexual conduct in the bathroom of Ashland trailer. Doe stated appellant engaged in vaginal intercourse with her in the bathroom of the Ashland trailer approximately a week before she ran away. She stated he made her sit on the toilet afterwards "to get the semen out of her." A police report pertaining to Doe running away was confirmed by Detective Coey and was dated April 24, 2023. PSI at 8-9.

{¶ 19} Count three alleged fellatio which took place between November 1, 2022 and August 24, 2023 in Ashland County and/or Wayne County, and/or Medina County. The State argues this count involved sexual conduct in appellant's van. Doe stated appellant had her go with him to purchase work boots in West Salem and on the way home, he requested fellatio and Doe complied. PSI at 8.

{¶ 20} Count four alleged vaginal intercourse which took place between June 1, 2022 and March 31, 2023 in Ashland and/or Richland County. The State argues this count involved appellant engaging in vaginal intercourse with Doe in the bathroom of their Plymouth home while Doe's mother was at work. PSI at 9.

{¶ 21} Count five alleged vaginal intercourse which took place between June 1, 2022 and March 31, 2023 in Ashland and/or Richland County. The state argues this count pertains to an incident which took place in the Plymouth home around Christmas. Doe stated she and appellant returned to the home to get clothing. Appellant stated they

returned to get Christmas gifts to take back to Doe's grandmother's where the rest of the family was celebrating. While at the home they had vaginal intercourse on her sister's bed. PSI at 7 and 10.

{¶ 22} Count six alleged fellatio which took place on August 24, 2023 in Ashland and/or Richland County. The state concedes the date of this count is incorrect and should reflect the same dates as count five as it occurred on the same date, time, and place. Doe stated appellant performed cunnilingus, and appellant stated Doe performed fellatio while they were at the Plymouth home to retrieve gifts or clothing. PSI at 7 and 10.

{¶ 23}  Count seven alleged vaginal intercourse which took place between June 1, 2022 and March 31, 2023 in Ashland and/or Richland County. The State argues this count pertains to an incident on March 31, 2023, at Doe's grandmother's home in Ontario while Doe and appellant were waiting on a delivery for grandmother. Doe stated she and appellant engaged in vaginal intercourse on the bathroom floor. PSI at 7 and 10.

{¶ 24} During his interview with Detective Coey, appellant confessed to each incident contained in the indictment. PSI 9-10.

Appellant's Argument

{¶ 25} Appellant argues counts one through seven are allied offenses of similar import because they were not committed separately and all seven counts involved the same approximate time period. According to appellant this demonstrates the offenses were committed with the same animus and motivation. We disagree.

{¶ 26} First, it is well established that distinct forms of sexual activity constitute separate offenses for sentencing purposes. This court has found different sexual acts occurring in the same encounter are not allied offenses. *State v. Jones*, 2022-Ohio-3544

¶ 50 (5th Dist.) As noted by the Supreme Court of Ohio long before *Ruff*, "[e]ach act is a further denigration of the victim's integrity and a further danger to the victim." *State v. Barnes*, 68 Ohio St.2d 13, 19 (1981). Thus, the charged acts of vaginal intercourse and fellatio are not allied offenses.

{¶ 27} Second, appellant argues that because the offenses all occurred during the same time span, they constitute a "continuing course of conduct" that did not result in separate and identifiable harm. Brief of appellant at 10. This argument is nonsensical. Doe described seven separate sexual assaults and appellant confessed to seven separate sexual assaults. PSI 6-10. The assaults took place in different places and on different dates. In 1981 the *Barnes* court recognized that each act results in separate and identifiable harm.

{¶ 28} We find the charged offenses are different and distinct sexual acts which were committed separately, and are not allied offenses of similar import. Both Doe and appellant reported the acts occurred in different homes, different parts of the homes, and in appellant's van. We therefore find the trial court did not commit plain error in failing to merge counts one through seven.

{¶ 29} The first assignment of error is overruled.

II

{¶ 30} In his second assignment of error, appellant argues his trial counsel rendered ineffective assistance by failing to seek merger of counts one through seven. We disagree.

{¶ 31} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell

below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 32} Given our resolution of appellant's first assignment of error, we find appellant cannot establish either Strickland prong. Accordingly, we find no fault in counsel's performance and overrule the second assignment of error.

III

{¶ 33} In his final assignment of error, appellant argues the trial court committed plain error by imposing consecutive sentences because its consecutive sentence findings are not supported by the record. We disagree.

Applicable Law

{¶ 34} 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 35} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 2021-Ohio-2124 ¶ 100 (5th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29.

"[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34.

{¶ 36} Recently, in *State v. Glover*, 2024-Ohio-5195, the Supreme Court of Ohio clarified this court's standard of review for consecutive sentences:

> Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, id. at ¶ 97-98. To the extent that the court of appeals premised its holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

> The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate

court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial

court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

{¶ 37} Glover at ¶¶ 43-46.

{¶ 38} As noted in the first assignment of error, appellant did not object to the imposition of consecutive sentences and has therefore forfeited all but plain error.

Appellant's Arguments

{¶ 39} Appellant concedes that the trial court made the appropriate R.C. 2929.14 findings to impose consecutive sentences both at the sentencing hearing and in its sentencing judgment entry. Brief of appellant at 22-23. He argues, however, that his consecutive sentences are not supported by the record. He cites his limited prior record, his expression of remorse at sentencing, the lack of the use of force, the fact that Doe was a teenager, and a "dispute as to the specifics surrounding how the sexual contact (sic) between [appellant] and [Doe] began" suggesting that somehow Doe was to blame. Brief of appellant at 25. He further asserts there was no evidence to support a conclusion

that Doe was developmentally disabled, and further speculates that the trial court imposed consecutive sentences out of sympathy for Doe and her mother.

{¶ 40} The trial court agreed that appellant had a minimal prior record, had been cooperative with law enforcement, and had accepted responsibility by pleading as charged. Transcript of sentencing at 18-19. But the court further stated:

> There is a seriousness here that the Court just cannot ignore. It didn't start when the victim was 5, but it did start when she was 13 or 14. It continued for a lengthy period of time, usually (sic) a year, multiple and repeated incidents, multiple acts, each of these acts require a different animus. They were also committed on multiple and different occasions, so the Court is finding none of them merge.
>
> Now, as was pointed out, you were a father figure to this child and with that comes responsibility. It becomes a duty to protect the child from this very thing and I think you understood that because I saw a Facebook post that you made where you basically called for pedophiles to be subject to extreme torture and death.
>
> And really, I think some of them even pertain to this child about an allegation that somebody was sending this child inappropriate things and you were doing that all while you were abusing this child. You were engaging in sex with this child. She was removed from school at one point because she lied to cover up for what you were doing.

She apparently ran away. She was suicidal. This is something that she will live with and deal with the rest of her life.

And you add to that she struggled developmentally, maturely, however you want to phrase it, but she struggled and you knew that she struggled and you took advantage of that.

You preyed on this child that essentially, I mean, I guess the way it was phrased is she didn't have a stranger danger button. I mean, you exposed and utilized that and abused her and now her life has changed. She hardly speaks. She sleeps all the time. You have caused a lifetime of pain for her and for the people that care about her.

And then even after you are arrested on this, you want to see them. You call her to tell her happy birthday. It's just – there is a seriousness here that is hard to comprehend, Mr. Crim.

. . .

The Court is further finding that consecutive sentences are necessary to punish the offender and protect the public from future crime and are not disproportionate to the seriousness of the conduct and the danger posed by the Defendant and that two or more of these offenses were part of one or more courses of conduct and the harm caused is so great and so unusual that a single prison term would not adequately reflect the seriousness of the conduct . . .

{¶ 41} Transcript of sentencing 19-22.

{¶ 42} First, contrary to appellant's claim, the record contains evidence to support Doe's diagnosis. The PSI indicates Doe's mother provided Detective Coey with evidence of the fact that Doe receives SSI benefits for her condition and a voicemail from Doe's doctor. PSI at 10-11. Moreover, appellant never challenged Doe's diagnosis.

{¶ 43} Second, there is no evidence in the record to support a conclusion that the trial court was swayed by any inappropriate consideration such as sympathy, and appellant points to none.

{¶ 44} Finally, while appellant attempts to minimize his behavior, as quoted above, the record is replete with support for appellant's consecutive sentences.

{¶ 45} Upon review of the record, we find the trial court made the appropriate findings and court's imposition of consecutive sentences was supported by the record. Appellant has therefore failed to demonstrate plain error. Accordingly, the final assignment of error is overruled.

{¶ 46} The judgment of the Ashland County Court of Common Pleas is affirmed.

By: King, P.J.

Montgomery, J. and

Popham, J. concur.